# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOURIK HORMOZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 17 CV 2440 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| 1-800-PACK-RAT, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jourik Hormoz filed a complaint against defendant 1-800-Pack-Rat alleging violations of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31100 et seq., the Illinois Whistleblower Act, 740 Ill. Comp. Stat. § 174/1, et seq., and wrongful termination. Defendant has moved to transfer the case to the District of Maryland pursuant to 28 U.S.C. § 1404. For the reasons described below, defendant's motion is denied.

## BACKGROUND

Plaintiff worked for defendant as a truck driver, allegedly crossing state lines frequently, from March of 2015 to December 3, 2015, when he was fired. On March 9, 2015, plaintiff reviewed and submitted a number of documents through Paycom, defendant's "online onboarding and payroll system." Doc. 20, Ex. A. One such document was defendant's Alternative Dispute Resolution Policy ("ADR Policy"), which plaintiff acknowledged receiving and signed electronically. Id. Plaintiff alleges that during his employment he routinely worked more hours than the Department of Transportation allows and that he was directed, but refused, to falsify his driver logs to conceal the violations. Plaintiff claims he was fired for refusing to

falsify records and because defendant believed that plaintiff planned to report defendant for violations of safety regulations. These claims form the basis of the instant suit.

## DISCUSSION

Motions to transfer venue are governed by 28 U.S.C. § 1404, which reads in pertinent part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought or to any district of division to which the parties have consented." Courts considering a motion to transfer would ordinarily "weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013) (internal quotations omitted). But the calculus changes when the parties agree to a valid forum-selection clause, "which represents the parties' agreement as to the most proper forum." Id. (internal quotations omitted). In such circumstances, "a district court should ordinarily transfer the case to the forum specified in that clause." Id. According to the Seventh Circuit:

> Atlantic Marine clarified that the presence of a valid forum-selection clause requires district courts to adjust their usual § 1414(a) analysis [ ]. First, the plaintiff's choice of forum merits no weight. Second, and relatedly, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. . . . And because public-interest factors will rarely defeat a transfer to the contractually chosen forum, the practical result is that forum-selection clauses should control except in unusual cases.

In re Mathias, 867 F.3d 727, 731 (7th Cir. 2017) (internal quotations and alterations omitted).

Additionally, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Atlantic Marine, 134 S.Ct. at 581. Plaintiff claims to have met this burden because: (1) plaintiff

2

is exempt from the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"); and (2) the forum-selection clause in the arbitration agreement is unenforceable. The court will address these claims in turn.

**I.  FAA Exemption**

Plaintiff first argues that he is exempt from the FAA because he is a transportation worker, and the FAA provides that it does not "apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."[1] 9 U.S.C. § 1. According to plaintiff, he falls within this exception because he often crossed state lines while working for defendant. Defendant argues that plaintiff is not exempt because FAA exemption applies "to contracts of employment (collective bargaining agreements)" only, and that plaintiff was an at-will employee who did not have an employment contract with defendant.[2] Defendant is mistaken for at least two reasons.

First, defendant cites no support for its argument that Section 1 of the FAA applies only to collective bargaining agreements, and the court knows of none. In fact, the Seventh Circuit and Illinois courts have found that transportation workers are exempt from the FAA regardless of whether they are parties to a collective bargaining agreement. See, e.g., Sherwood v. Marquette Transp. Co., LLC, 587 F.3d 841 (7th Cir. 2009) (Noting in dicta that, "[t]he Federal Arbitration Act does not apply because Sherwood was a seaman, and nothing in the Act shall apply to contracts of employment of seamen and some other workers."); Atwood v. Rent-A-Ctr. E., Inc., 2016 WL 2766656 (S.D. Ill. May 13, 2016) (finding individual transportation worker who was not a party to a collective bargaining agreement was exempt from the FAA).

---

[1] This exemption includes transportation workers, which are defined as workers "actually engaged in the movement of goods in interstate commerce." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 112 (2001).
[2] Defendant does not dispute that plaintiff was a transportation worker.

Defendant faults plaintiff for citing cases that concern collective bargaining agreements to support his argument that transportation workers are exempt from the FAA. See Int'l Broth. of Teamsters Local Union No. 50 v. Kienstra Precast, LLC, 702 F.3d 954 (7th Cir. 2012); Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Cartage Co., 84 F.3d 988 (7th Cir. 1996). Those cases do indeed concern collective bargaining agreements, but nowhere in those opinions does the Seventh Circuit suggest that its holdings are limited to collective bargaining agreements, and this court sees no reason to so conclude.

Second, even assuming plaintiff was an at-will employee, the ADR Policy that plaintiff signed electronically is a contract governing his employment with defendant. Because that employment was as a transportation worker, plaintiff is exempt from the FAA. Defendant argues for the first time in its reply brief that the ADR Policy should be enforced despite this exemption, urging the court to find that the ADR Policy is enforceable under the Illinois Uniform Arbitration Act, 710 ILCS 5/1, et seq., which provides no exemption for transportation workers. The court rejects this argument because defendant failed to raise it in its motion to dismiss, "and courts should normally refrain from ruling on issues raised so late in the day," Schmidt v. Eagle Waste & Recycling, Inc., 599 F.3d 626, 631 n.2 (7th Cir. 2010), and for the reasons discussed below.

**II.   Waiver**

Plaintiff's second argument is that the ADR Policy is unenforceable because defendant failed to comply with the terms of the policy, thereby waiving its right to enforce it, and because plaintiff is permitted by statute proceed with his claims in a federal district court. Taking the second prong of plaintiff's argument first, defendant does not dispute that plaintiff is entitled to bring his claims in a district court. Rather, defendant argues that plaintiff is not entitled to bring his claims in *this* district court because the forum-selection clause, which defendant

acknowledges is contained in the ADR Policy, specifies Bethesda, Maryland as the proper forum. See Doc. 20, Ex.2 at 1. The forum selection clause is only as valid, however, as the ADR Policy in which it is found. Because the court finds that defendant waived its right to enforce the ADR Policy, as will be discussed below, the forum-selection clause has no bearing on this case.

Plaintiff was fired on December 3, 2015, and filed a complaint alleging violations of the STAA with the U.S. Department of Labor ("DOL") on April 13, 2016. Defendant submitted its response to plaintiff's complaint with the DOL on May 24, 2016. When the DOL failed to issue a final order within 210 days of plaintiff filing his complaint, plaintiff filed this action in accordance with the STAA, which provides in pertinent part:

> [I]f the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

49 U.S.C. § 31105(c).

Plaintiff filed his complaint in this court on March 30, 2017.[3] Defendant answered plaintiff's complaint on May 5, 2017. In its answer, defendant did not assert its right to arbitrate the dispute, or even mention the ADR Policy. See Doc. 10. The court ordered the parties to file a joint status report on or before June 29, 2017, and they did just that. Defendant did not assert its right to arbitrate the dispute, or mention the ADR Policy, in the joint status report. See Doc. 15. The parties appeared before the court on July 6, 2017, for an initial status conference, at

---

[3] The Department of Labor dismissed plaintiff's claims when it was informed that he was pursuing them in this court.

which the court ordered discovery closed on January 16, 2018. Defendant did not assert its right to arbitrate the dispute, or mention the ADR Policy, during the status conference.

Defendant failed to assert its right to arbitrate this dispute, or mention the ADR Policy to anyone, until July 26, 2017, when defendant's counsel of record submitted a request to arbitrate the dispute to defendant's Vice President and General Counsel. See doc. 20, Exh. B. That request was not submitted to plaintiff, as required by the ADR Policy, which states:

> [A]ny dispute must be brought by filing a written demand for arbitration within one (1) year following the conduct, act or other occurrence first giving rise to the claim . . . .
> ***
> The party desiring arbitration, whether Pack-Rat or the Employee, must submit a 'Request for Arbitration' in writing to the General Counsel of Pack-Rat within the time period set forth above. Pack-Rat must also serve the Employee with any 'Request for Arbitration' it submits.

Doc. 20, Exh. A(2) at 1—2.

Defendant concedes that it did not demand arbitration within the one-year window mandated in the ADR Policy, and does not deny that it failed to submit its belated request for arbitration to plaintiff. Plaintiff argues that defendant has waived its right to arbitrate by failing to abide by the ADR Policy that it drafted. Defendant urges the court to reject this argument because: (1) the issue of waiver is not properly before this court; (2) defendant's counsel was unaware of the ADR Policy; (3) defendant has not acted inconsistently with its right to arbitrate; (4) plaintiff has not suffered prejudice due to defendant's delay in requesting arbitration; and (5) defendant's request for arbitration was not untimely. Each of these positions lacks merit.

Defendant first argues that the issue of waiver is for the arbitrator, not this court, to decide. To support its position, defendant cites one case, which is inapt. See Howsam v. Dean Witter Reynolds, 537 U.S. 79 (2002). Although Howsam does in fact hold that the issue of

6

waiver is a procedural issue that should be decided by the arbitrator, id. at 84, it does so under remarkably dissimilar factual circumstances. Of utmost importance in the instant case is the fact that plaintiff is not bound by the ADR Policy for a number of reasons. First, plaintiff is exempt from the FAA, as discussed above, and second, the ADR Policy does not prohibit "employees from filing a charge with a state or federal administrative agency." Doc. 20, Exh. A(2) at 1. Plaintiff did just that when he filed his complaint with the DOL. As discussed above, under the STAA plaintiff was entitled to file a complaint in this court when the DOL failed to issue a final order within 210 days of plaintiff filing his complaint. Under the ADR Policy, disputes must be settled through arbitration "[u]nless prohibited by applicable law." Id. Because the STAA explicitly allows plaintiff to pursue his claims in district court, forcing him to arbitrate is prohibited by the STAA.

Next, defendant's argument that it has not waived its right to arbitrate because its counsel was unaware of the ADR Policy does more to undermine its claim that it has not waived its right to arbitrate than it does to bolster it. First, defendant's counsel has not waived the right to arbitrate, defendant has. Second, defendant's concession that its counsel was unaware of the ADR Policy flies in the face of defendant's next argument: that it has not acted inconsistently with its right to arbitrate.

Defendant attempts to support its argument that it has not acted inconsistently with its right to arbitrate by citing solely Ninth Circuit case law. The court finds this nonbinding authority unconvincing. In the Seventh Circuit, waiver may be inferred where, considering the totality of the circumstances, a party has acted inconsistently with its right to arbitrate. See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Products, Inc., 660 F.3d 988, 994 (7th Cir. 2011) (internal citations omitted). "Several factors should be considered, including

7

diligence or the lack thereof and whether [defendant] participated in litigation, substantially delayed its request for arbitration, or participated in discovery." Chicago Reg'l Council of Carpenters v. Prate Installations, Inc., 2011 WL 13210098, at *2 (N.D. Ill. June 9, 2011) (citing Kawasaki, 660 F.3d at 994)). Although prejudice is a relevant factor to be considered, it is not required. Id.

All of the above factors support the conclusion that defendant waived its right to arbitrate. Defendant actively participated in the litigation before this court, participated fully in discovery, which is now closed, and waited for more than fifteen months after plaintiff filed his complaint with the DOL to request arbitration. Although a showing of prejudice is not required, all of the above factors also support the conclusion that plaintiff will be prejudiced if forced, at this late stage, to arbitrate his claims.

Lastly, defendant argues that its request to arbitrate was not untimely because the one-year window to request arbitration did not open until plaintiff's claim with the Department of Labor was terminated. According to defendant, it allowed plaintiff's administrative claim to proceed without requesting arbitration because the claim was not yet subject to arbitration under the ADR Policy. This argument directly contradicts defendant's argument that it did not request arbitration sooner because its counsel was unaware of the ADR Policy. The court rejects it for that reason alone.

Additionally, the cases defendant cites to support its argument do not. Some of the cases cited by plaintiff make no mention of a provision in the arbitration agreement at issue mandating a one-year time limit in which to request arbitration. See McNamara v. Yellow Transp., Inc., 570 F.3d 950 (8th Cir. 2009); Gagliano v. Cytrade Fin., LLC, 2009 WL 3366975 (N.D. Ill. Oct. 16, 2009). The other cases defendant cites are inapt for different reasons. See Scaffidi v. Fiserv,

Inc., 2006 WL 2038348, at *4 (E.D. Wis. July 20, 2006), aff'd, 218 Fed. Appx. 519 (7th Cir. 2007) (finding no waiver where party failed to request arbitration during pendency of EEOC proceeding, but did so promptly in the district court); Marie v. Allied Home Mortgage Corp., 402 F.3d 1 (1st Cir. 2005) (same); Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217 (11th Cir. 2000) (same); DeGroff v. MascoTech Forming Techs.-Fort Wayne, Inc., 179 F. Supp. 2d 896, 913 (N.D. Ind. 2001) (finding that, under the terms of the arbitration agreement, parties were not obligated to request arbitration until claims were filed in district court). None of the cases defendant cites support the position that defendant may litigate actively in the district court for nearly four months, including answering the complaint and participating in discovery, without ever mentioning the ADR Policy or an intent to arbitrate, then request arbitration well beyond the one-year window mandated by its own policy.

Defendant's motion to transfer this case to the District of Maryland rests solely on the forum selection clause in the ADR Policy. Defendant makes no argument outside of the forum selection clause to support transfer under 28 U.S.C. § 1404. Because the court finds that defendant has waived its right to compel arbitration pursuant to the ADR Policy, the court sees no reason to transfer this case. Plaintiff worked for defendant in Cook County, Illinois, and suffered his alleged injuries there. Indeed, all conduct relevant to this case took place in Cook County. Defendant, understandably, does not even attempt to argue that, without a valid forum selection clause, transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice. The court concludes that it would not. Defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, the court denies defendant's motion to transfer the case to the District of Maryland (doc. 19). This matter is set for a report on status February 1, 2018, at 9:00 a.m.

**ENTER:**     **January 24, 2018**

_____
**Robert W. Gettleman
United States District Judge**